IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIAMOND SLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 CV 2346 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| COMCAST ABB MANAGEMENT, LLC, | ) | |
| COMCAST OF ILLINOIS VI, LLC, and | ) | |
| NORMA HOPMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a two-count first amended complaint alleging that defendants Comcast ABB Management, LLC, Comcast of Illinois VI, LLC (collectively, "Comcast"), and Norma Hopman violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA"), by interfering with her right to FMLA leave (Count I) and by retaliating against her for exercising her right to such leave in violation of § 105 of the FMLA (Count II). Defendant has moved for summary judgment on both counts, and plaintiff has moved for summary judgment on Count I. For the following reasons, plaintiff's motion is denied and defendants' motion is granted.

## FACTS

Under this district's Local Rule 56.1(a)(1)(3), a party moving for summary judgment must file "a statement of material facts as to which the moving party contends there is no genuine issue." Strict compliance with L.R. 56.1 is essential to allowing the parties—and the court—to identify material disputes of admissible evidence. See, e.g., Stevo v. Frasor, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district

judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."). Accordingly, the court has disregarded statements that offer legal conclusions or arguments, as well as statements that lack proper evidentiary support.[1] The court has also ignored responses that attempt to deny facts that, based on the record, are undisputed, in addition to responses that impermissibly include additional facts or argument.

The court further notes that defendants have omitted a complete factual background section in their brief supporting their motion for summary judgment, instead asserting that "[t]he facts supporting Defendants' motion for summary judgment are set forth in the Defendants' Rule 56.1 Statement of Undisputed Material Facts." Contrary to defendants' understanding, an L.R. 56.1 statement is not a substitute for a statement of facts in a brief. Cleveland v. Prarie State College, 208 F. Supp. 2d 967, 972-73 (N.D. Ill. 2002) (citation omitted). While the former is designed to focus any material factual disputes for the court, the latter is a litigant's opportunity to describe the underlying events, provide relevant background information, and persuade the court. "These fundamental principles, that presumably are known by all lawyers practicing before this court including counsel herein, prohibit the type of irresponsible briefing that was submitted." Id. at 973.

The following facts are undisputed; the parties have agreed on a panoply of other assorted facts, but because they are immaterial, they have not been included in this recitation. In July 2010, plaintiff was working Monday through Friday as a supervisor in Comcast's Retention

---

[1] In addition, plaintiff's L.R. 56.1(a) statement fails to comply with the requirement of L.R. 56(a)(3)(B) that the moving party's statement include "all facts supporting venue and jurisdiction," which defendants contend provides a sufficient basis for denying plaintiff's summary judgment motion. The court has discretion, however, to excuse such transgressions—and regardless, defendants are entitled to summary judgment.

Department. That month, she met with her supervisor, defendant Hopman, to request time off on Tuesdays and Thursdays to take care of her child. Defendant Hopman denied that request. Plaintiff proceeded to use flex time or vacation time on Tuesdays and Thursdays, until September of that year, when she ran out of flex and vacation time and was disciplined for attendance violations.

On September 20, defendant Hopman made a note in her "Employee Rolling Documentation" file indicating that plaintiff was planning to request FMLA leave due to her daughter's asthma. (The FMLA entitles an eligible employee "to a total of 12 workweeks of leave during any 12-month period" to care for a child with "a serious health condition." 29 U.S.C. § 2612(1)(C).) In the same report, Hopman wrote that "there have been rumors that [plaintiff] takes every Tuesday and Thursday off to attend school."

On September 28, plaintiff met with Cristina Villazan, Comcast's Senior Director of Human Resources, to request FMLA leave to care for her daughter, and explained that her daughter suffered from asthma and plaintiff needed child care assistance on Tuesdays and Thursdays. At that meeting, plaintiff also informed Villazan that she was attending classes on Tuesdays and Thursdays. She did not, however, state that she intended to use FMLA leave to attend those classes, and Villazan did not discuss whether plaintiff was permitted to visit school (or attend classes) on days where she also took FMLA leave to care for her daughter. Villazan encouraged plaintiff to apply for FMLA leave.

The next day, Villazan told defendant Hopman and Eugene Gongora, a manager in the Human Resources Department, that plaintiff planned to apply for FMLA leave (and that if

3

plaintiff's request was approved, some of the disciplinary action Hopman had issued for plaintiff's attendance violations would be rescinded pursuant to Comcast policy).

Plaintiff then applied for FMLA leave to take care of her asthmatic daughter. An eligible employee with FMLA leave to care for a child with a serious health condition may take her leave "in separate blocks of time due to a single qualifying reason"—here, plaintiff's daughter's asthma—and plaintiff requested such "intermittent" leave. 29 U.S.C. § 2612(b)(1).

Comcast's third-party FMLA leave administrator, Liberty Mutual, approved plaintiff's application to take FMLA leave up to two times per week to care for her child's serious health condition for the period between September 1, 2010, and August 31, 2011. Plaintiff began to take FMLA leave on Tuesdays and Thursdays.

On October 1, before learning that plaintiff's request for FMLA leave had been approved, defendant Hopman issued plaintiff an attendance-related "corrective action." On October 13, Hopman learned that plaintiff had been approved to take intermittent FMLA leave, up to two times a week, to care for her daughter and that plaintiff had no child care on Tuesdays and Thursdays.

On November 8, defendant Hopman emailed Gongora to inform him that plaintiff's coworkers were "getting really upset at the fact that they know of [plaintiff's] pattern of calling off on Tuesday and Thursday." After receiving that information, the Human Resources Department began to investigate plaintiff's possible misuse of FMLA leave, hiring an outside investigation company to conduct surveillance of plaintiff's home and monitoring her internet activity.

4

On January 25, 2011, after also learning that plaintiff had used FMLA leave on dates she had initially requested to take vacation, Comcast held a "fact-finding" meeting with plaintiff. At that meeting, plaintiff stated that she went to the library to study, in addition to running personal errands, on FMLA leave days.[2] Based on that admission and the fact that plaintiff had been dishonest about the purpose of her FMLA leave, Comcast terminated plaintiff on January 31, 2011.

Through discovery in this litigation, it was determined that, starting in August 2010, plaintiff had attended classes at one of two colleges—Roosevelt University or Saint Xavier University—during her regular work hours on days she took FMLA leave.[3]

---

[2] Plaintiff also stated that she sometimes stayed home to rest, designating the day as an FMLA leave day, if she had been up the previous night caring for her daughter. There is some factual dispute, however, over whether Comcast considered this fact when deciding to terminate plaintiff's employment.

[3] There is a disputed issue as to whether plaintiff attended classes at <u>both</u> Roosevelt and Saint Xavier during her regular work hours in fall 2010, but because plaintiff admits that she attended one or the other during work hours in that time period, it is irrelevant <u>which</u> institution plaintiff attended. Defendant's Statement of Fact ("SOF") ¶ 22 states in relevant part: "While attending both Roosevelt University and Saint Xavier University, Plaintiff scheduled classes on Monday through Friday during her scheduled Comcast working hours." Plaintiff denies this statement, pointing out that the portion of her deposition to which defendants refer actually indicates that she answered "yes" when asked whether she had "classes at either Roosevelt or at St. Xavier that occurred Monday through Friday, between the hours of 10:30 and 7:30." Further, plaintiff's response states that she "had classes at either Roosevelt or Saint Xavier that occurred during her regular work hours."

Plaintiff also argues that defendants may not to use this fact because they did not raise the "after-acquired" evidence doctrine as an affirmative defense in their answer, and it is now waived. Because this fact is not necessary to the court's ruling, however, the court need not determine whether defendants are precluded from using it in support of their motion or in opposition to plaintiff's motion.

**DISCUSSION**

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing out the absence of a genuine issue of material fact. Once the moving party has met that burden, the nonmoving party must go beyond the pleadings and present specific facts showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial."). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

To prevail on an FMLA interference claim, as plaintiff has alleged in Count I, she must show that: (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled. E.g., Burnett v. LFW, Inc., 472 F.3d 471, 477 (7th Cir. 2006). Here, the parties' sole dispute is over the fifth prong; the purported disagreement is whether defendants denied plaintiff a benefit to which she was entitled by terminating her.

The undisputed facts establish that plaintiff was not entitled to continued employment. An employee is not entitled to continued employment after returning from leave unless she had

used that leave "for the intended purpose." 29 U.S.C. § 2613(a)(1) ("[A]ny eligible employee who takes leave under section 2612 of this title <u>for the intended purpose of the leave</u> shall be entitled, on return from such leave," to her previous position or an equivalent position) (emphasis added). Under the FMLA, "an employer is under no obligation to reinstate an employee who misuses disability leave." <u>Crouch v. Whirlpool Corp.</u>, 447 F.3d 984, 986 (7th Cir. 2006). The Seventh Circuit has interpreted the FMLA as permitting an employer to terminate an employee who has used FMLA leave so long as the employer's decision is based on an "honest suspicion" that the employee was abusing her leave. <u>Vail v. Raybestos Prods. Co.</u>, 533 F.3d 904, 909 (7th Cir. 2008) ("[A]n employer has not violated the FMLA if it refused to reinstate the employee based on an 'honest suspicion' that she was abusing her leave.").

Plaintiff admits in her statement of uncontested facts that, at the meeting a week before she was terminated, she told defendants that she visited a school library, in addition to running a variety of personal errands, during time she had designated as FMLA leave. Comcast therefore had more than a mere suspicion that plaintiff was misusing her FMLA leave; it had plaintiff's admission that she was visiting at least one of the two schools in which she was enrolled during the days she invoked FMLA leave. Such activities were outside the scope of the permissible use of her FMLA leave. <u>See</u> <u>Hayes v. Ill. Dep't of Corrs.</u>, No. 10 C 3048, 2011 WL 4946751, at *8 (C.D. Ill. Oct. 18, 2011) (granting summary judgment for defendant on FMLA interference claim based on undisputed facts that defendant had honest suspicion that plaintiff was abusing FMLA leave by appearing in court on personal business unrelated to any medical condition). Although plaintiff testified that she was unaware of these limitations on her FMLA leave, that is irrelevant. If she was unaware that she could not engage in personal activities while on FMLA leave, that

7

was incorrect, and in any event, it does not have anything to do with defendants' honest suspicion that she was misusing FMLA leave.

Plaintiff further argues that she is nonetheless entitled to summary judgment on her FMLA interference claim because the undisputed facts show that every day on which she took FMLA leave, she spent <u>some</u> of the day, or the previous night, caring for her daughter. But plaintiff's FMLA leave allowed her to use it only for caring for her daughter, not for recovering from caring for her daughter, or for conducting personal business after caring for her daughter. <u>See</u>, e.g., <u>Plaxico v. County of Cook</u>, No. 10 C 272, 2011 WL 4837287, at *3 (N.D. Ill. Oct. 13, 2011) ("If [the plaintiff] wanted to try and expand his certification for additional family issues, it was incumbent on [him] to try and get the type of leave certified as medically necessary. The FMLA certification did not provide [him] with carte blanche to take leave for any reason."). And as defendants point out, accepting plaintiff's position regarding partial days would lead to an absurd result; if she had spent one minute of the day caring for her daughter, according to her theory of the FMLA, she was entitled to take a full day off.

Finally, she attempts to stave off defendant's summary judgment motion and support her own by pointing out that she testified at her deposition that she took FMLA leave in order to care for her daughter. The issue is not, however, plaintiff's intended purpose in requesting FMLA leave or in exercising it on a particular day—rather, the question is what she was actually <u>doing</u> while on that leave. As the undisputed evidence shows, defendants terminated plaintiff because she told them that she was using FMLA leave to, among other things, visit her school library, which was not a permissible use of her leave. She was therefore not entitled to continued employment with Comcast.

Defendants are also entitled to summary judgment on plaintiff's FMLA retaliation claim because she has similarly failed to establish a prima facie case for that claim. Plaintiff attempts to rely on the direct method of proof to establish her retaliation claim, requiring her to present evidence of "(1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 670 (7th Cir. 2011) (citation and internal quotation marks omitted). But as discussed above, it is undisputed that plaintiff took FMLA leave for purposes for which she was not entitled to do so. See Durkin v. City of Chicago, 341 F.3d 606, 614-15 (7th Cir. 2003) ("It is axiomatic that a plaintiff engage in statutorily protected activity before an employer can retaliate against her for engaging in statutorily protected activity."); Danek v. County of Cook, No. 10 C 5505, 2011 WL 5979880, at *6 (N.D. Ill. Nov. 29, 2011) ("[Plaintiff] did not use his FMLA leave for its intended purpose, but instead traveled and took vacations. In other words, because [plaintiff] was not entitled to FMLA leave, he did not engage in a protected activity.") (internal citation omitted). Because it is undisputed that plaintiff used her FMLA leave for activities other than caring for her daughter's serious medical condition, she cannot establish that she was engaged in activity protected by the FMLA. Consequently, defendants are entitled to summary judgment on Count II as well as Count I.

## **CONCLUSION**

For the reasons discussed above, the court denies plaintiff's motion for summary judgment on Count I and grants defendants' motion for summary judgment in its entirety.

**ENTER:** June 20, 2012

**Robert W. Gettleman**
**United States District Judge**